**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

EMMANUEL HOWARD, )
)     Civil Action No. 20 – 1766
Petitioner, )
)
v. )     Magistrate Judge Lisa Pupo Lenihan
)
SUPERINTENDENT BARRY )
SMITH, *State Correctional Institution* )
*at Houtzdale*, and THE ATTORNEY )
GENERAL OF THE STATE OF )
PENNSYLVANIA, )
)
Respondents. )
)

## **MEMORANDUM OPINION**[1]

Currently pending before the Court is a Petition for Writ of Habeas Corpus ("Petition")

filed by Petitioner Emmanuel Howard ("Petitioner") pursuant to 28 U.S.C. § 2254.  (ECF Nos. 4

& 5.)  The Petition challenges Petitioner's judgment of sentence out of Fayette County at CP-26-

CR-0001069-2016 entered on September 14, 2016, after he was found guilty of robbery - threat

of immediate serious bodily injury, robbery - taking property from another by force, theft by

unlawful taking, receiving stolen property, and simple assault.[2]  For the following reasons, the

Petition will be denied and a certificate of appealability will also be denied.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily
consented to have a United States Magistrate Judge conduct proceedings in this case, including
the entry of a final judgment.  (ECF Nos. 14 & 15.)

[2] The docket sheet for Petitioner's criminal case can be found online at ujsportal.us/CaseSearch
and on the docket at ECF No. 18-1.  Also, the Court notes that this is not the first time that
Petitioner has challenged this judgment of sentence in a federal habeas petition.  Specifically,
Petitioner previously initiated habeas proceedings in August 2019 challenging the same
judgment of sentence out of Fayette County.  *See* C.A. No. 19-1045.  However, that case was
closed for Petitioner's failure to pay the filing fee or submit a motion for leave to proceed *in
forma pauperis*.  In an order dated September 30, 2019, Petitioner was advised that he could

A.      **Factual and Procedural Background**

The following is a brief recitation of the facts as set forth by the trial court:

> On December 29, 2015, Christine Arthur (hereinafter "Victim") was employed as a waitress at the Canton Restaurant on Fayette Street in Uniontown, Fayette County, Pennsylvania.  Approximately thirty minutes into her shift, a man described by Victim as a young black male, with facial hair, distinguished eyes and wearing a dark hooded sweatshirt came into the restaurant and placed an order.  The man grabbed a can of pop out of the refrigerator cooler and set it down on the counter where Victim was working.  After Victim requested payment for the order, the man went around the counter, pointed an object that was covered up with a handkerchief into her side and demanded money from the cash register.  The assailant then ran off after taken [sic] approximately sixty dollars.  Victim testified she complied with the demand because she "was afraid for my life."
>
> About five minutes after the assailant fled the restaurant, Lieutenant Tom Kolencik with the Uniontown Police Department arrived on scene and spoke with Victim.  Lieutenant Kolencik also took into evidence the pop can that was handled by the assailant during the commission of the crime.  The conclusion of the lab results was that a set of fingerprints on the pop can belonged to [Petitioner].
>
> [Petitioner] briefly testified at trial.  He testified that since he resided across the street from the restaurant, he frequented it numerous times.  Finally, [Petitioner] testified that he did not rob the Canton on December 29, 2015.

Commonwealth v. Howard, 2017 WL 2665154, at *1 (Pa. Super. June 21, 2017) (quoting Trial

court opinion, 12/5/16 at 2-3) (citations to notes of testimony and footnote omitted).

Petitioner was charged with three counts of robbery, theft by unlawful taking, receiving

stolen property and simple assault.  He moved for and was granted judgment of acquittal as to

the second count of robbery, but he was found guilty of all remaining counts.  On September 14,

2016, he was sentenced to a term of imprisonment of 7 to 20 years on one of the robbery

---

reopen the case by paying the filing fee or submitting the proper documents and a motion to proceed *in forma pauperis* within 30 days.  He did neither and took no further action until he submitted the Petition that was filed in this case.

convictions and no further sentence was imposed on the remaining convictions.  (ECF No. 18-2.)
Petitioner appealed his judgment of sentence, and the Pennsylvania Superior Court affirmed on
June 21, 2017.  Commonwealth v. Howard, 2017 WL 2665154 (Pa. Super. June 21, 2017).
Petitioner did not petition the Pennsylvania Supreme Court for allowance of appeal.

On August 9, 2017, Petitioner filed a *pro se* Petition pursuant to Pennsylvania's Post-
Conviction Relief Act ("PCRA").  (ECF No. 18-3.)  The PCRA court appointed counsel to
represent Petitioner and counsel filed an Amended PCRA Petition on November 9, 2017.  (ECF
No. 18-4.)  The PCRA court held a hearing on the Amended PCRA Petition on January 30, 2018,
and, by order dated February 6, 2018, the PCRA court denied post-conviction relief.  Petitioner
appealed, and the Superior Court affirmed the PCRA court's order on October 31, 2018.
Commonwealth v. Howard, 2018 WL 5629778 (Pa. Super. Oct. 31, 2018).  Petitioner did not
petition the Pennsylvania Supreme Court for allowance of appeal.

On January 4, 2019, Petitioner filed a *pro se* Second PCRA Petition.  (ECF No. 18-5.)
On April 12, 2019, Petitioner supplemented the Second PCRA Petition with three additional
claims.  (ECF No. 18-6.)  On June 19, 2018, the PCRA court issued a Notice of Intent to Dismiss
the Second PCRA Petition without a hearing.  (ECF No. 18-7.)  The Second PCRA Petition was
ultimately dismissed by order dated July 17, 2019.  (ECF No. 18-8.)  Petitioner appealed, and the
Superior Court affirmed the dismissal after finding that the Second PCRA Petition was untimely
filed and that Petitioner had not plead or proven the applicability of any of the PCRA's
timeliness exceptions.  Commonwealth v. Howard, 2020 WL 2554622 (Pa. Super. May 20,
2020).  Petitioner did not petition the Pennsylvania Supreme Court for allowance of appeal.

On December 10, 2020, Petitioner filed a *pro se* Third PCRA Petition.  The PCRA court

issued a Notice of Intent to Dismiss on December 21, 2020, and the Third PCRA Petition was

dismissed on January 19, 2021.  (ECF No. 21-5.)  Petitioner did not appeal.

Petitioner initiated the instant habeas proceedings on October 17, 2020.[3]  His Petition and

Brief in Support thereof were docketed after he paid the filing fee on December 18, 2020.  (ECF

Nos. 4 & 5.)  Respondents filed their Answer to the Petition on April 29, 2021.  (ECF No. 18.)

---

[3] Under the mailbox rule, a *pro se* prisoner's filing is deemed filed at the time he or she hands it over to prison officials to the court or puts it in the prison mailbox.  Houston v. Lack, 487 U.S. 266, 276 (1988).  Although the Petition was not received by the Clerk of Court until November 17, 2020, the Petition was signed and dated October 17, 2020, and it was postmarked October 21, 2020.  As there is no evidence to the contrary, the Court will assume that Petitioner delivered his Petition for mailing on the date he signed it, October 17, 2020.  *See* West v. Lockett, 2009 WL 1270225, at *4 n.2 (W.D. Pa. May 6, 2009) ("Absent proof of the exact date of delivering the habeas petition to the prison authorities, the court will presume the date whereon [the petitioner] signed his habeas petition is the date he gave the prison authorities his habeas petition for mailing.") (citing cases).  Thus, for statute of limitations purposes, the Court considers the Petition as filed on October 17, 2020.

Additionally, the fact that this case was initially closed for Petitioner's failure to pay the filing fee or submit a motion for leave to proceed *in forma pauperis* is of no importance for statute of limitations purposes because the Clerk was required to file his Petition even though it lacked the requisite filing fee or an *in forma pauperis* motion, *see* Rule 3(b) of the Rules Governing Section 2254 Cases in the United States District Courts (Advisory Committee Notes), and because Petitioner paid the filing fee within a reasonable amount of time thereafter (18 days).  *See* Harris v. Vaughn, 129 F. App'x 684, 690 (3d Cir. 2005) (holding that "the date of filing for statute of limitations purposes is the date that the federal habeas petition is received by the court or by the appropriate prison official [if the mailbox rule applies], regardless of whether payment or an IFP application is attached, as long as either follows within a reasonable time and there is no evidence of bad faith[,]" but finding that the seventeen months between the filing of the petition and the submission of the filing fee or IFP application was unreasonable; further noting that Rule 3(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 had been subsequently amended and questioning whether the result might be different in light of the 2004 amendments); *see also* Jones v. Bertrand, 171 F.3d 499, 502 (7th Cir. 1999) (holding that "for statute of limitations purposes, an inmate's petition for habeas relief need not be accompanied by the required filing fee or IFP application, so long as one or the other is sent within a reasonable time after the petition and there is no evidence of bad faith on Petitioner's part.")

Petitioner filed two Reply briefs in response to their Answer, on June 2, 2021 and July 12, 2021, respectively.  (ECF Nos. 21-22.)

It appears that Petitioner raises the following claims in his Petition: (1) ineffective assistance of trial, direct appeal and PCRA counsel; (2) prosecutorial misconduct for failing to disclose evidence in violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963); (3) vindictive prosecution; and (4) abuse of discretion by the trial court relative to his length of sentence.[4] *See, generally*, ECF Nos. 4 & 5.

**B.      <u>Statute of Limitations</u>**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period for state prisoners seeking federal habeas review.  It is codified at 28 U.S.C. § 2244(d) and it provides:

(1)      A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[4] Petitioner's claims are not specifically set forth in his Petition or his Brief in Support thereof. However, a fair reading of both suggest that these are the claims that Petitioner is attempting to assert.

      (D)      the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

      (2)      The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).  The statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis.  Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 543 U.S. 1067 (2005).  In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry.  First, the court must determine the "trigger date" for the one-year limitations period pursuant to section 2244(d)(1).  Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2).  Third, the court must determine whether any of the other exceptions or equitable tolling should be applied on the facts presented.

      First, the "trigger date" for all of Petitioner's claims is the date on which his judgment of sentence became final.[5]  In this case, Petitioner's judgment of sentence became final on July 21, 2017, which was the last day Petitioner had to file a petition for allowance of appeal with the Pennsylvania Supreme Court after the Superior Court affirmed his judgment of sentence on June 21, 2017.  *See* Pa. R. App. P. 1113(a) (requiring a petition for allowance of appeal to be filed within 30 days of the entry of the order of the Superior Court sought to be reviewed); *see also*

---

[5] Petitioner does not argue, nor do his claims suggest, that an alternative "trigger date" should be utilized.

Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes "final" at the conclusion of direct review or the expiration of time for seeking such review).  Thus, the first day of Petitioner's one-year statute of limitations period was July 22, 2017, and, absent any tolling for "properly filed" applications for post-conviction relief, Petitioner had until July 22, 2018 to file a timely federal habeas petition challenging his judgment of sentence.  Because Petitioner did not file his Petition in this case until October 17, 2020, the Court must next determine whether Petitioner can take advantage of the tolling provision in section 2244(d)(2).

Section 2244(d)(2) provides that the one-year limitations period is tolled during the pendency of a "properly filed" state post-conviction proceeding.  Here, 18 days of Petitioner's one-year statute of limitations period expired after Petitioner's judgment of sentence became final and before Petitioner filed a properly filed PCRA petition on August 9, 2017.  After the filing of the PCRA petition, Petitioner's one-year statute of limitations period was tolled until November 30, 2018, which was the final day Petitioner had to file a petition for allowance of appeal after the Superior Court affirmed the denial of post-conviction relief on October 31, 2018.  At that time, Petitioner still had 347 days (365-18=347) remaining of his one-year statute of limitations period.  The statute started to run again on December 1, 2018, and it fully expired 347 days later, on November 12, 2019.  However, as previously stated, Petitioner did not file his Petition in this case until October 17, 2020.  As such, the Petition was untimely filed.

While Petitioner did file a Second PCRA Petition on January 4, 2019, which was before his federal habeas statute of limitations period expired, that petition was dismissed as untimely and therefore it was not considered a "properly filed" state post-conviction proceeding that would have tolled Petitioner's federal habeas statute of limitations.  *See* Artuz v. Bennett, 531 U.S. 4, 8, 11 (2000) (noting that time limits on petitions are "condition[s] to filing," such that an

untimely petition would not be deemed "properly filed."); *see also* <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."); <u>Merritt v. Blaine</u>, 326 F.3d 157, 165-66 (3d Cir. 2003) (holding that untimely PCRA petition was not "properly filed" for purposes of AEDPA and therefore does not toll the federal limitations period even where the petitioner sought to pursue his PCRA petition under a statutory exception to the PCRA's time bar). Petitioner's Third PCRA Petition was filed on December 10, 2020, which was after his federal habeas statute of limitations period had already expired.

Having failed to meet AEDPA's one-year statute of limitations, the Petition can only be saved by the application of equitable tolling or the Supreme Court's recognized fundamental miscarriage of justice exception. *See* <u>Holland v. Florida</u>, 560 U.S. 631 (2010) (statute of limitations may be equitably tolled with showing of diligence and extraordinary circumstances); *see also* <u>McQuiggin v. Perkins</u>, 569 U.S. 383 (2013) (equitable exception to statute of limitations for actual innocence). Petitioner has not argued, much less demonstrated, the applicability of

equitable tolling or the fundamental miscarriage of justice exception.[6]  Accordingly, the Petition

will be dismissed since it was untimely filed.[7]

### C.   Certificate of Appealability

A court should issue a certificate of appealability where a petitioner makes a "substantial

showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "When the district

court denies a habeas petition on procedural grounds without reaching the prisoner's underlying

constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at

least, that jurists of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right and that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Petitioner has not made the requisite showing in this case.  Accordingly, a certificate of

appealability will be denied.  A separate order will issue.

Lisa Pupo Lenihan
United States Magistrate Judge

---

[6] Although Petitioner does not argue for the applicability of equitable tolling, the Court notes that no tolling would be appropriate for the time between when Petitioner initiated his first habeas proceedings in August 2019 at C.A. No. 19-1045 and the time when he initiated this habeas case on October 17, 2020.  This is because Petitioner was on notice that a filing fee or a motion to proceed *in forma pauperis* was required for his case to proceed and he was not diligent in complying with the Court's Order dated September 30, 2019 in C.A. No. 19-1045.  Indeed, he waited approximately 13 months before submitting another Petition that again was not accompanied by a filing fee or motion to proceed *in forma pauperis*.  This amount of time was not reasonable such that Petitioner should get the benefit of any tolling, equitable or otherwise. *See* Harris, 129 F. App'x at 690; *see*, *e.g.*, Boudreaux v. Cain, No. 07-1041, 2009 WL 4730706, at *7 (E.D. La. Dec. 9, 2009) (finding that one year period of time when petitioner's deficient federal habeas petition was in limbo waiting for petitioner's compliance with Rule 3 counted against limitations period).

[7] The Court notes that even if the Petition was not time barred then it would be subject to dismissal for substantially the same reasons set forth by the Respondents in their Answer.

9

Dated: August 3, 2022.

Cc:     Emmanuel Howard
        MS2620
        SCI Houtzdale
        P.O. Box 1000
        209 Institution Drive
        Houtzdale, PA  16698-1000

        Counsel of Record
        (*via CM/ECF electronic mail*)

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EMMANUEL HOWARD, | ) | |
| | ) | Civil Action No. 20 – 1766 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| SUPERINTENDENT BARRY | ) | |
| SMITH, *State Correctional Institution* | ) | |
| *at Houtzdale*, and THE ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| PENNSYLVANIA, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## ORDER

**AND NOW**, this 3rd day of August 2022;

**IT IS HEREBY ORDERED** that, for the reasons set forth in the accompanying Memorandum Opinion, the Petition for Writ of Habeas Corpus (ECF No. 4) is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment in favor of Respondents and mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

Lisa Pupo Lenihan
United States Magistrate Judge

Cc:   Emmanuel Howard
      MS2620
      SCI Houtzdale

11

P.O. Box 1000
209 Institution Drive
Houtzdale, PA  16698-1000

Counsel of Record
(*via CM/ECF electronic mail)*